IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** | : | No. 3:25-CV-0659 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **UNIT MANAGER HEENAN,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Rodrick Maurice Brayboy lodged the instant *pro se* civil rights lawsuit under 42 U.S.C. § 1983 on April 14, 2025. He has moved for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Brayboy has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, and because he is not facing an imminent threat of serious physical injury, he is statutorily barred from proceeding IFP and must pay the full filing fee to proceed with this action.

I.  **BACKGROUND**

Brayboy is an avid *pro se* litigant, filing numerous frivolous civil rights lawsuits in the Eastern and Middle Districts of Pennsylvania. Most notably, Brayboy has filed at least three previous civil actions in federal court that have been dismissed for failure to state a claim upon which relief can be granted. See

Brayboy v. Dep't of Justice, No. 2:24-cv-02604, Doc. 4 (E.D. Pa. July 19, 2024) (collecting cases).

Brayboy has moved for leave to proceed IFP in the case at bar. (See Doc. 5). However, he cannot proceed IFP here because he has incurred at least three prior "strikes," and he is not in imminent danger of serious physical injury. In other words, Brayboy has "struck out" under 28 U.S.C. § 1915(g) and his motion for IFP must be denied.

## II.  DISCUSSION

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

2

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. "Imminent dangers" are ones which are "about to occur at any moment or are impending," not harms that have already occurred. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Claims of imminent danger that are "conclusory or ridiculous" do not qualify. Id. at 468.

As noted above, Brayboy has filed at least three civil rights cases in federal court while incarcerated that were dismissed for failure to state a claim upon which relief may be granted. See Brayboy, No. 2:24-cv-02604, Doc. 4 at 3-5 (citing Brayboy v. Gov't Juris. Off., No. 23-4975 (E.D. Pa.); Brayboy v. Magistrate Judge Lynne Sitarski, No. 24-1087 (E.D. Pa.); Brayboy v. Kullner, No. 1:23-cv-1651 (M.D. Pa.)); see also Brayboy v. Heenan, No. 3:24-cv-0009, Doc. 17 (M.D. Pa. Apr. 4, 2024); Brayboy v. Kullner, No. 24-1331, Doc. 11 (3d Cir. July 16, 2024) (reciting Brayboy's strike-counting dismissals and denying leave to appeal

3

IFP). Brayboy, therefore, has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). In other words, he has struck out under the PLRA.

Moreover, Brayboy has not plausibly alleged facts that indicate that he is in imminent danger of serious physical injury. This case appears to be a duplicate civil rights action regarding an inmate-on-inmate assault that occurred in November 2022. Compare (Doc. 1 at 4), with Brayboy v. Heenan, No. 3:24-cv-0009, Doc. 1 at 5 (M.D. Pa. Jan. 3, 2024). This is a past harm that has already occurred and thus does not establish imminent danger of serious physical injury. See Ball, 726 F.3d at 467.

Accordingly, Brayboy's application for IFP must be denied pursuant to 28 U.S.C. § 1915(g). If Brayboy desires to proceed with the instant case, he must first pay the requisite $405 fee, representing the $350 filing fee and $55 administrative fee applicable in the Middle District of Pennsylvania. If he does not timely pay the full $405 fee, his case will be dismissed pursuant to 28 U.S.C. § 1914 and Local Rule of Court 4.3.

## III. CONCLUSION

Brayboy has struck out under the PLRA, so the court will deny his request for leave to proceed *in forma pauperis* in the instant case. If he desires to continue with this case, he must pay the full $405 filing fee. An appropriate Order follows.

Date: 4/25/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court